UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD B. GUSTAFSON,

        Plaintiff,                              Case No. 15-cv-12703

v.                                              Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Defendant.

_____/

**ORDER DENYING MOTION TO AMEND COMPLAINT**

On August 3, 2015, Plaintiff Richard Gustafson filed suit against the United States Government. He claimed that the Government committed three different tortious acts that harmed him and is, consequently, liable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. Gustafson claimed that the Government negligently failed to redact his name from an internal investigation report produced pursuant to a Freedom of Information Act request; negligently misidentified him as a sexual harasser in that report; and negligently failed to correct the erroneous sexual harassment allegations in the report.

The Government moved to dismiss Gustafson's complaint for lack of subject matter jurisdiction. The Government argued that the causes of action brought by Gustafson are intentional torts for which sovereign immunity has not been waived by the FTCA. The Government's motion was granted on February 1, 2016 and a Judgment dismissing Gustafson's complaint without prejudice was entered the same day.

On February 29, 2016, Gustafson moved to amend his complaint pursuant to Federal Rules of Civil Procedure 15 & 59. Gustafson argues in his motion that "subsequent to the

issuance of this Court's order, the Plaintiff has done additional research and has found additional theories upon which a duty has been breached by the Defendant." Pl.'s Mot. Amend ¶ 5, ECF No. 15. He seeks to add causes of action for "negligent facilitation of identity theft" and "negligent invasion of privacy." *Id.* at ¶¶ 6 & 10. Gustafson relies on *Halcomb v. Black Mountain Res., LLC*, 303 F.R.D. 496 (E.D. Ky. 2014), and *Morse v. McWhorter*, 290 F.3d 795 (6th Cir. 2002), in support of the relief he seeks.

As a preliminary matter, Gustafson's motion should be denied because he did not move to alter or amend the judgment under Rule 59 or 60(b). The Sixth Circuit has explained that a party seeking to amend the complaint after entry of judgment must "first mov[e] to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Morse*, 290 F.3d at 799. That is, "instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010).

"Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Id.* at 615 (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Although Gustafson invokes Rule 59 in his motion he does not separately move to amend the judgment. *See, e.g.*, *Halcomb*, 303 F.R.D. at 498 (explaining that the plaintiff moved separately to amend the judgment and to amend the complaint). He also does not offer any justification for vacating or amending the judgment.

There is no evidence in his motion that any of the four factors for disturbing a judgment under Rule 59 apply to Gustafson. In fact, the cases he cites in support of his new theories of liability were decided well before his case was filed. Indeed, Gustafson acknowledges that his

motion is simply the product of his attorneys having "done additional research." Pl.'s Mot. Amend ¶ 5, ECF No. 15. The Sixth Circuit has cautioned that courts "ought to pay particular attention to 'the movant's explanation for failing to seek leave to amend prior to the entry of judgment.'" *Leisure Caviar*, 616 F.3d at 616 (quoting Morse, 290 F.3d at 800). Gustafson has not offered such an explanation here. The research he conducted could have, and should have been done prior to judgment being entered.

"If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'" *Id*. (quoting *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983) (Breyer, J.)). Gustafson's motion to amend attempts this very thing. His motion must be denied.

Accordingly, it is **ORDERED** that Plaintiff Richard Gustafson's Motion to Amend, ECF No. 15, is **DENIED**.

Dated: April 14, 2016                              s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 14, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager